UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| Gerard Benjamin, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br> -v.-<br><br>Pollack & Rosen, P.A.,<br>Credit Corp Solutions, Inc.,<br><br>        Defendant(s). | Civil Action No. 3:22-cv-936<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Gerard Benjamin (hereinafter, "Plaintiff"), a Florida resident, brings this Class Action Complaint by and through his attorneys, against the Defendant Pollack & Rosen, P.A. ("Defendant Pollack") and the Defendant Credit Corp Solutions, Inc. ("Defendant CCS") (collectively, "Defendants") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act (hereinafter "FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as this is where the Plaintiff resides and a substantial part of the events or omissions giving rise to the claims occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of Florida consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA, and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of Florida, County of Flagler.

8.      Defendant Pollack is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a principal place of business in the State of Florida, and is registered to accept service of process through its registered agent, c/o Kevin Spinozza located at 806 Douglas Road, South Tower, Suite 200, Coral Gables, Florida 33134.

9. Upon information and belief, Defendant Pollack is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant CCS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a principal place of business located in the State of Utah, and is registered to accept service of process through its registered agent, c/o Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

11. Upon information and belief, Defendant CCS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

12. Plaintiff brings these claims on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

   a. all individuals with addresses in the State of Florida;
   b. to whom the Defendant Pollack sent a collection letter attempting to collect a consumer debt;
   c. on behalf of the Defendant CCS;
   d. attempting to collect a consumer debt;
   e. providing an amount owed;
   f. based on a particular date range between a date certain and "today";
   g. without dating the collection letter;

  h. and/or which correspondence failed to properly identify the current creditor to whom the debt was allegedly owed;

  i. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of the Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and/or 1692g.

17. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests that might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A, violate 15 USC §§ 1692e, 1692f, and/or 1692g.

c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor his counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs number 1 through 20 above with the same force and effect as if the same were set forth at length herein.

22. Some time prior to June 30, 2021, Plaintiff allegedly incurred an obligation to non-party Celtic Bank ("Celtic").

23. The Celtic obligation arose out of transaction(s) in which money, property, insurance, or services, which are the subject of the transaction, were primarily for personal, family, or household purposes.

24. The alleged Celtic obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25. Upon information and belief, Defendant CCS purchased the allegedly defaulted debt. Defendant CCS is therefore a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6).

26. Thereafter, Defendant CCS contracted with the Defendant Pollack to collect the alleged debt.

27. Defendant CCS has policies and procedures in place that govern the Defendant Pollack's debt collection practices, specifically with regard to collecting the subject debt,

thereby evidencing the Defendant CCS's control over the Defendant Pollack's collection practices.

28. By virtue of the relationship between the two Defendants, Defendant CCS exercised control over the Defendant Pollack while the latter was engaged in collecting the subject debt on behalf of the former.

29. Therefore, Defendant CCS should be held vicariously liable for any and all violations committed by the Defendant Pollack.

30. Defendants collect and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – Undated Collection Letter*

31. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs number 1 through 30 above with the same force and effect as if the same were set forth at length herein.

32. On a date better known to Defendant Pollack, Defendant Pollack sent Plaintiff a collection letter (the "Letter") regarding the alleged debt allegedly owed to the Defendant CCS. **See Exhibit A**.

33. The Letter is not dated.

34. Despite the fact that the Letter lacks a date, Defendant Pollack states, in relevant part:

**Pollack & Rosen, P.A. is a debt collector.** We are trying to collect a debt that you owe to CREDIT CORP SOLUTIONS, INC. We will use any information you give us to help collect the debt.

**Our information shows:**

You had a REFLEX credit card from CELTIC BANK with account number ************1517

| | |
|---|---|
| As of June 30, 2021 you owed | $1539.87 |
| Between June 30, 2021 and today | |
| You were charge this amount in interest | + $0.00 |
| You were charge this amount in fees | + $0.00 |
| You paid or were credited this amount toward the debt | - $0.00 |
| Total Amount of the debt now | $1539.87 |

35. As the Letter is undated, there is no way to determine from the Letter which date "today and "now" refer to, as the Letter is not dated.

36. Plaintiff was thereby misled as to the status of the subject debt, for it was not associated with a particular date.

37. It is common practice to date official letters.

38. Letters that lack a date make them seem illegitimate.

39. The fact that Defendant Pollack did not date the Letter and yet attempted to define the subject debt based on a nebulous date was suspicious, misleading, and out of character for a legitimate debt collection.

40. Therefore, Defendant Pollack's omissions cast a negative shadow over its debt collection practice in general.

41. By withholding the date of the Letter, Defendant Pollack withheld a material term from Plaintiff which made it confusing for him to understand the nature of the subject debt.

42. When they go astray, debt collectors often introduce a tacit element of confusion into their dunning letters to leave the consumer somewhat uninformed.

43. This strategy helps debt collectors to achieve leverage over consumers by keeping key pieces of information away from them.

44. When a consumer is faced with something less than the total story behind owing a debt, they often give up and choose to pay an unwarranted debt to avoid further trouble.

45. Knowing the state of affairs and the swift tricks that debt collectors attempt against consumers, Congress passed laws to protect consumers.

46. One important element of consumer protection revolves around keeping the consumer informed.

47. When a consumer has as much information as the debt collector, they are most capable of handling repayment in full or part, disputing the debt, or otherwise communicating with the debt collector on a more equal playing field.

48. However, when a debt collector withholds key information about a debt from the consumer, they encourage rash decision-making and consumers are left without any power to face the debt collector in a meaningful way.

49. These violations by Defendant Pollack were unconscionable, knowing, willful, negligent, and/or intentional, and Defendant Pollack did not maintain procedures reasonably adapted to avoid any such violations.

50. As dating a letter is so basic in the business world, the fact that Defendant Pollack left the Letter dateless arouses suspicion as to their underlying motivations for doing so.

51. The undated Letter coupled with references to "today" and "now" make it appear that the entire Letter is just an attempt to improperly extort money from Plaintiff and coerce Plaintiff to pay.

52. In addition to being undated, the Letter also fails to properly identify the entity which allegedly owned the allegedly defaulted debt at the time of sending the Letter.

53. Upon information and belief, the Letter was an initial collection letter which listed a total balance of $1,539.87.

54. The Letter states: "Pollack and Gains, P.C. is a debt collector. We are trying to collect a debt that you owe to CCS Financial, LLC. We will use any information you give us to help collect the debt."

55. Immediately thereafter, the Letter states: "You had a Celtic Corporation account with account number ************1517."

56. The Letter did not contain all the requirements of the G-Notice. Specifically, the Letter deceptively fails to clearly identify who the current creditor is as required by the FDCPA.

57. The least sophisticated consumer cannot decipher from the body of the letter whom the current creditor is because it is not stated clearly.

58. Merely stating an attempt to collect the debt on behalf of the Defendant CCS does not inform the least sophisticated consumer who the current creditor is, and the Defendants have an obligation to clearly identify the current creditor.

59. It is deceptive to not clearly state who the creditor is in any collection letter sent to a consumer.

60. Mere illusions are not enough, but the letter must specifically and clearly state who the creditor is.

61. Defendants failed to provide the consumer with a proper initial communication letter by failing to clearly identify the original and current creditors of the debt.

62. Plaintiff effectively waived his rights to this statutorily available information because he was not properly informed of the G-Notice requirements set forth in the FDCPA.

63. Plaintiff was therefore unable to straightforwardly dispute the debt resulting in wasted time.

64. Defendant's actions caused Plaintiff to expend time, in reliance on the improper content of the Letter and lack of consistent sensible information, to ascertain what his options and possible responses could or should be.

65. Defendant Pollack's collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

66. Plaintiff was misled and concerned by the Letter.

67. For the foregoing reasons, Plaintiff was unable to evaluate his options of how to handle this debt.

68. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

69. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of debt collection informational furnishment and ultimate dissemination, to third parties.

70. Plaintiff cannot be pay the alleged debt, trusting the Defendant, when it appears that the information stated in the Defendant's Letter is incorrect and/or misleading.

71. Because of Defendant's actions, the funds Plaintiff could have used to pay all or part of the alleged debt were spent elsewhere.

72. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

73. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

74. Plaintiff's failure to pay the debt arose from the collection Letter itself because Plaintiff believed it was an attempt to collect inaccurate or otherwise improper monies.

75. Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, caused the Defendants' furnishment, and the ultimate dissemination, of negative credit reporting to the Plaintiff's financial and reputational detriment.

76. Moreover, as a result of the Defendants' violations, Plaintiff has suffered emotional distress, including, but not limited to, fear, anxiety, stress, increased heartrate, and difficulty with sleep.

77. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

78. The harms caused by the Defendants have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

79. As it relates to this case, the common-law analogues are to the traditional torts of fraud, misrepresentation, negligent infliction of emotional distress, conversion, and defamation.

80. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

81. Plaintiff is entitled to receive a straightforward G-Notice as required by the FDCPA.

82. Defendants failed to effectively inform the Plaintiff of this information, and in fact, attempted to overshadow it in violation of the law.

83. These violations by the Defendants were knowing, willful, negligent, and/or intentional, and the Defendants did not maintain procedures reasonably adopted to avoid any such violations.

84. Defendants' collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

85. Defendants' deceptive, misleading, and unfair representations with respect to their collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendants' collection efforts because the Plaintiff could not adequately respond to the Defendants' demand for payment of this debt.

86. Defendants' actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, Defendants' debt collection.

87. Plaintiff was confused and misled to his detriment by the statements in the Letter, and relied on the contents of the Letter to his detriment.

88. Because of the Defendants' actions, the funds the Plaintiff could have used to pay all or part of the alleged debt were spent elsewhere.

89. Plaintiff would have pursued a different course of action were it not for the Defendants' violations.

90. As a result of the Defendants' deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692e *et seq.***

91. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs number 1 through 90 above with the same force and effect as if the same were set forth at length herein.

92. Defendants' debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

93. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

94. Defendants violated said section by:

   a. Making a false and misleading representation in violation of § 1692e(10); and

   b. Utilizing false means in the form of dissemination to an unknown third party.

95. By reason thereof, Defendants are liable to the Plaintiff for judgment that the Defendants' conduct violated Section 1692e *et seq.* of the FDCPA, and the Plaintiff is entitled to actual damages, statutory damages, costs, and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f *et seq.*

96. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs numbered 1 through 90 above with the same force and effect as if the same were set forth at length herein.

97. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

98. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

99. Defendants violated this section by omitting material information regarding the current creditor as required by law and by mailing the collection Letter to an unknown third party.

100. By reason thereof, Defendants are liable to the Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
### 15 U.S.C. § 1692g *et seq.*

101. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs numbered 1 through 90 above with the same force and effect as if the same were set forth at length herein.

102. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

103. Pursuant to 15 U.S.C. § 1692g(a), within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

104. Pursuant to 15 U.S.C. § 1692g(b):

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt.

105. Defendants violated said section by:

    a. Failing to clearly identify the current creditor in violation of § 1692g(a)(2); and

    b. Failing to provide the Plaintiff with notices concerning his right to dispute the subject debt by virtue of mailing to the wrong address in violation of § 1692g(a)(3)-(4); and

    c. Depriving the Plaintiff of his right to dispute the debt, and reap the benefits therefrom, by proceeding with collection without properly mailing the "G Notice" in violation of violation of § 1692g(b).

106. By reason thereof, Defendants are liable to the Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

107. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff William Heinz, individually and on behalf of all others similarly situated, demands judgment from the Defendant Pollack and the Defendant CCS as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Justin Zeig, Esq. as Class Counsel;

2. Awarding an incentive award to Plaintiff for his services on behalf of the Class;

3. Awarding the Plaintiff and the Class statutory damages;

4. Awarding the Plaintiff and the Class actual damages;

5. Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

6. Awarding pre-judgment interest and post-judgment interest; and

7. Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  August 29, 2022                                  Respectfully Submitted,

**ZEIG LAW FIRM, LLC**
*/s/ Justin Zeig*
Justin Zeig, Esq.
FL Bar No. 112306
3475 Sheridan Street, Suite 310
Hollywood, FL 33021
Telephone: 754-217-3084
Fax: 954-272-7807
justin@zeiglawfirm.com
*Attorneys for Plaintiff*